# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| BLEDAR GANI, Individually and on behalf of all other Persons Similarly Situated<br>*Plaintiff*<br>v.<br>GUARDIAN SERVICE INDUSTRIES, INC., SAMUEL HERZFELD and JOHN DOES #1-10<br>*Defendant* | ) ) ) ) ) ) ) ) Civil Action No. 10 Civ 4433 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* GUARDIAN SERVICE INDUSTRIES, INC., SAMUEL HERZFELD, 161 Sixth Ave., 4th Floor, New York, N.Y. 10019

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: William C. Rand, Esq., Law Office of William Coudert Rand, 228 East 45th Street, 17th Floor, New York, N.Y. 10017

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date: JUN 0 3 2010

*Signature of Clerk or Deputy Clerk*

William C. Rand, Esq. (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
228 East 45th Street, 17th Floor
New York, New York 10017
(Phone) (212) 286-1425; (Fax) (646) 688-3078
Co-counsel
**Jeffrey M. Gottlieb, Esq.** (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795
Attorneys for Plaintiffs

10 CIV 4433

Judge McMahon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BLEDAR GANI, Individually and on Behalf : ECF
of All Other Persons Similarly Situated, :
:
Plaintiff, : 10 Civ. ____
:
: **COMPLAINT AND**
-against- : **JURY DEMAND**
:
GUARDIAN SERVICE INDUSTRIES, INC., :
SAMUEL HERZFELD, :
and JOHN DOES #1-10, :
:
Defendants. :
------------------------------------------------------------X

Plaintiff BLEDAR GANI, ("Plaintiff" or "Gani"), on behalf of himself individually and as class representatives of other employees similarly situated, by and through his attorneys, complains and alleges for his complaint against GUARDIAN SERVICE INDUSTRIES, INC., SAMUEL HERZFELD, and JOHN DOES #1-10 (together "Defendant" or "Guardian Service") as follows:

## NATURE OF THE ACTION

1. Plaintiff BLEDAR GANI, alleges on behalf of himself and other similarly situated current and former employees of the Defendants who elect to opt into this action

pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2. Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former employees of the Defendant, pursuant to Fed.R.Civ.P. 23, that they are entitled to back wages, interest and statutory damages from Defendant for overtime work performed for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff BLEDAR GANI, is and was, at all relevant times, an adult individual, residing in Kings County, New York.

7. Upon information and belief, Defendant GUARDIAN SERVICE INDUSTRIES, INC. ("Corporate Defendant") is a New York Corporation with its principal office located in New York County at 161 6th Ave., New York, N.Y. 10013.

8. Upon information and belief, Defendant SAMUEL HERZFELD is an officer, director and/or managing agent of the Corporate Defendant, whose address is unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the Corporate Defendant.

9. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time and who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

10. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant at any time since June 3, 2004 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

11. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on

which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

12. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

13. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

14. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are

    a. whether the Defendant employed the Collective Action members within the meaning of the FLSA;

    b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiffs and the Collective Action Members;

4

c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d. whether Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of C.F.R. § 516.4;

e. whether Defendant failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f. whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

g. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

h. whether Defendant should be enjoined from such violations of the FLSA in the future.

15. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

16. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

17. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendant at any time since June 3, 2004, to the entry of judgment in this

case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid overtime wages in violation of the New York Labor Law (the "Class").

18. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there at least 40 members of Class during the Class Period.

19. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

20. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

21. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

22. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

23. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

a. whether the Defendant employed the members of the Class within the meaning of the New York Labor Law;

b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendant failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

e. whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs, statutory, and disbursements and attorneys' fees;

f. whether the Defendant should be enjoined from such violations of the New York Labor Law in the future; and

## STATEMENT OF FACTS

24. BLEDAR GANI worked for Guardian Service Industries, Inc. and Samuel Herzfeld ("Defendant" or "Guardian") from on or about March 31, 2003 until September 30, 2009.

25. From March 31, 2003 until about March 31, 2007, Gani worked on a seasonal basis, working full time only from March 31 to October 1. After March 31, 2007, Gani worked on a full time, non-seasonal basis, until September 30, 2009.

26. During the time period, Gani worked for Defendant as a cleaner of building

7

spaces in New York City, including but not limited to Washington Mutual bank branch offices and ATM's and Bank of America branch offices and ATM's.

27. Gani worked on average with about 40 other cleaner employees.

28. Gani was paid weekly.

29. Gani worked a varied schedule. Gani generally commenced work at Guardian's main office at 161 6th Ave., New York, N.Y. 10013 at about 4:00 p.m. to 4:30 p.m. where Gani was told what building spaces to clean. Gani then went to the building spaces and cleaned them and then went directly home.

30. Gani generally ended work and left the location for home at about 12:00 to 12:30 a.m. if Gani were working only one shift at one location. Gani often worked additional shifts covering for employees on vacation and at such times after the initial shift Gani traveled to the additional locations and completed the additional shifts and in such cases left for home often between 4:30 to 5:30 a.m. in the morning.

31. Gani worked a varied schedule but generally worked over 40 hours per week and often worked over 80 hours per week.

32. During the time period, Defendant did not pay Gani time and one half for all his hours worked over 40 in a workweek ("overtime").

33. During the time period, Defendant paid Gani hourly using multiple paychecks which did not properly pay Gani for all his overtime at time and one half his regular wage.

34. During the time period, Gani's duties as a cleaner employee did not include managerial responsibilities or the exercise of independent business judgment.

35. Gani never at any time saw any notice indicating that Gani and Defendant's other cleaner employees were entitled to time and one half for our overtime hours worked.

36. In addition to Gani, during the time period, upon information and belief, Defendant hired at least 40 other similar cleaner employees.

37. During the time period, Gani and the other similar cleaner employees regularly worked more than 40 hours per week for Defendant.

38. During the time period, Gani and these other similar cleaner employees worked more than 40 hours per week and were not paid time and one half for all hours worked over 40 hours a week.

39. Throughout the time period that Gani worked at Defendant, and, upon information and belief, both before that time and continuing until the present, Defendant has likewise employed other individuals, like myself, in positions as cleaner employees.

40. Such individuals have worked in excess of 40 hours a week, yet the Defendant has likewise willfully failed to pay them overtime compensation of time and one-half their regular hourly rate.

### FIRST CLAIM FOR RELIEF
### FAIR LABOR STANDARDS ACT

41. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

42. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

44. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

45. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

46. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

47. As a result of the Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than minimum wage for all hours worked and not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

48. As a result of the Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

49. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50. Due to the Defendant's FLSA violations, Plaintiff and the Collective Action Class are entitled to recover from the Defendant, their unpaid minimum wages and overtime compensation, an additional amount equal as liquidated damages, additional liquidated

damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

51. Defendant did not post a notice indicating that Defendant's cleaner employees were entitled to time and one half for our overtime hours worked.

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

52. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

53. At all relevant times, Plaintiff and the members of the Class were employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

54. Defendant willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulations.

55. The Defendant's New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

56. Due to the Defendant's New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendant their unpaid wages and unpaid overtime compensation, reasonable attorneys' fees, interest, statutory damages, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

b. An order tolling the statute of limitations;

c. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

e. An injunction against the Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of unpaid wages, minimum wages and overtime compensation due under the FLSA and the New York Labor Law;

g. An award of liquidated and/or punitive damages as a result of the Defendant's

willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216 and New York Labor Law;

h. An award of prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
June 3, 2010

LAW OFFICE OF WILLIAM COUDERT RAND

By: _____
William Coudert Rand (WR 7685)

228 East 45th Street, 17th Floor
New York, New York 10017
Telephone: (212) 286-1425
Facsimile: (212) 599-7909

Jeffrey M. Gottlieb, Esq. (JG 7905)
Dana L. Gottlieb, Esq. (DG-6151)
Gottlieb & Associates
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795
ATTORNEYS FOR PLAINTIFF

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Guardian Service Industries Inc, et al. to pay me overtime wages and/or minimum wages as required under state and/or federal law including the Fair Labor Standards Act and also authorize the filing of this consent in the action(s) challenging such conduct.

BLEDAR GANI
Printed Name

Bledor Gani
Signature

4/5/10
Date

7