UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BLEDAR GANI, Individually and on Behalf  :  ECF
of All Other Persons Similarly Situated,  :
                                          :  10 Civ. 4433 (CM)
                         Plaintiff,       :
    -against-                             :
                                          :
GUARDIAN SERVICE INDUSTRIES, INC.,        :
SAMUEL HERZFELD, and JOHN DOES            :
#1-10,                                    :
                         Defendants.      :
                                          :
------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO COLLECTIVE ACTION NOTICE

GOETZ FITZPATRICK LLP
Attorneys for Defendants
Guardian Service Industries, Inc.
and Samuel Herzfeld
One Penn Plaza, Suite 4401
New York, New York 10119
(212) 695-8100

# TABLE OF CONTENTS

                                                                                    Page

TABLE OF AUTHORITIES..................................................................ii

FACTS.............................................................................................1

    POINT I
    THE PLAINTIFF HAS NOT MET HIS BURDEN OF
    SHOWING OTHER SIMILARLY SITUATED EMPLOYEES...............1

    POINT II
    NOTICE SHOULD BE STAYED BY THE PENDING 32BJ GUARDIAN
    ARBITRATION.............................................................................4

    POINT III
    NOTICE SHOULD REFLECT THAT COLLECTIVE ACTIONS ARE
    DIFFERENT FROM CLASS ACTIONS........................................5

CONCLUSION................................................................................10

## TABLE OF AUTHORITIES

Page

Sperling v. Hoffman LaRoche, 118 F.R.D. 392, (D.N.J.),
aff'd, 862 F.2d 439 (3d Cir. 1988), aff'd, 493 U.S. 165 (1989)..........................3

Young v Cooper Cameron Corp., 229 F.R.D. 50 (S.D.N.Y. 2005)..........................3

Scholtisek v Eldre Corp, 229 F.R.D. 381 (W.D.N.Y. 2005)..........................3

Laroque v. Domino's Pizza, LLC, 557 F. Supp.2d 346,
(E.D.N.Y. 2008)..........................3

Amendola v Bristol-Myers Squibb Co., 558 F. Supp.2d 459
(S.D.N.Y. 2008)..........................3

Chafee, Some Problems of Equity (1950)..........................3

Laroque v. Domino's Pizza, LLC, 557 F. Supp.2d 346,
(E.D.N.Y. 2008)..........................4

Levya v. Certified Grocers of California, Ltd., 593 F.2d 857
(9th Cir. 1979)..........................4

United States ex rel Texas Portland Cement Co. v. McCord,
233 U.S. 157 (1914)..........................5

Hoffmann-La Roche v. Sperling, 493 U.S. 165, (1989)..........................8

Thomas v. Keystone Silver, Inc., 174 Misc. 733, 22 N.Y.S.2d 796
(N.Y. Sup. Ct. 1940)..........................9

Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982)..........................10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BLEDAR GANI, Individually and on Behalf : ECF
of All Other Persons Similarly Situated,       :
                                               : 10 Civ. 4433 (CM)
                         Plaintiff,            :
    -against-                                  :
                                               :
GUARDIAN SERVICE INDUSTRIES, INC.,             :
SAMUEL HERZFELD, and JOHN DOES                 :
#1-10,                                         :
                         Defendants.           :
                                               :
------------------------------------------------------------------X

## FACTS

The defendants Guardian Service Industries Inc. ("Guardian") and Samuel Herzfeld submit this memorandum of law in opposition to the motion by plaintiff Bledar Gani to give collective action notice.

Gani was a nonunion vacation replacement cleaner for Guardian. He has brought a collective action under the FLSA, and moves for a court order authorizing notice of a pending FLSA collective action to other Guardian employees.

There has been no discovery in the action.

Gani submits a declaration that several other Guardian cleaners would make similar claims. He identifies three by full names. He identifies a fourth by first name only, "Orlando."

The three employees identified by full names are members of a union, Service Employees International Union Local 32BJ, AFL-CIO ("32BJ"). Guardian is a signatory to a collective bargaining agreement with 32BJ ("CBA").

1

When Gani commenced his action, 32BJ and Guardian were already in arbitration concerning similar overtime claims by 32BJ on behalf of its union members.

32BJ is claiming on behalf of two of the three employees Gani identified.

The third employee brought his own FLSA action against Guardian without the consent required by statute, but voluntarily dismissed it.

Gani has not met his burden of showing that there are other similarly situated employees who would join in his action. Gani's motion should be denied.

Gani's proposed form of notice of the collective action does not reflect the differences between a collective action and a class action.

If other employees consent to join in the collective action, they will become party plaintiffs, and are subject to the rights, responsibilities, and obligations of a party.

Those consenting can appear *pro se*, or can hire their own attorney. They are not required to use Gani's counsel.

Those consenting can elect their own representative.

The form of notice of a collective action should be modified.

## POINT I

## THE PLAINTIFF HAS NOT MET HIS BURDEN OF SHOWING OTHER SIMILARLY SITUATED EMPLOYEES

In determining whether notice of a collective action should be sent, a court must first determine if there are "similarly situated" employees. The burden of showing plaintiffs and potential opt-ins are similarly situated is met at the notice stage through detailed allegations in a

2

complaint and supporting affidavits. Sperling v. Hoffman LaRoche, 118 F.R.D. 392, 406-07 (D.N.J.), aff'd, 862 F.2d 439 (3d Cir. 1988), aff'd, 493 U.S. 165 (1989).

Well supported allegations and affidavits are required at this stage, for collective action notice. Young v Cooper Cameron Corp., 229 F.R.D. 50 (S.D.N.Y. 2005) (notice granted for three levels of employees based on one declaration, deposition of managers, and defendant discovery responses); Scholtisek v Eldre Corp, 229 F.R.D. 381 (W.D.N.Y. 2005) (renewed motion for notice granted after some discovery conducted).

However, when plaintiff makes his net too wide, or does not provide sufficient support for his allegations that other plaintiffs are "similarly situated," the scope of notice may be limited or denied. Laroque v. Domino's Pizza, LLC, 557 F. Supp.2d 346, 355-56 (E.D.N.Y. 2008) (collective action denied as to Brooklyn area stores where basis was plaintiff's affidavit, hearsay statement by a driver, and generalized allegations by another plaintiff—"thin factual support"); see Amendola v Bristol-Myers Squibb Co., 558 F. Supp.2d 459 (S.D.N.Y. 2008)(notice denied considering exemption issue).

Here, Gani has not provided details of other "similarly situated" employees. Gani is a nonunion vacation replacement cleaner. His net includes 3 union members, who have committed to their union overtime rights under their Collective Bargaining Agreement. The union is pursuing their overtime rights against Guardian under the Collective Bargaining Agreement. A non-union vacation replacement cleaner is not "similarly situated" to a union cleaner. See Thomas v. Keystone Silver, Inc., 174 Misc. 733, 22 N.Y.S.2d 796 (N.Y. Sup. Ct. 1940).

The only person "similarly situated" is Orlando, last name unknown. This is not the "Five start the suit… " Chafee, Some Problems of Equity 275 (1950); needed to give notice.

3

Plaintiff has put forward only "thin factual support" to justify collective action notice. <u>Laroque v. Domino's Pizza, LLC</u>, 557 F. Supp.2d 346, 355-56 (E.D.N.Y. 2008)

Plaintiff's cases do not deal with the factual showing required.

The motion to give notice of the collective action should accordingly be denied.

## POINT II

## NOTICE SHOULD BE STAYED BY THE PENDING 32BJ GUARDIAN ARBITRATION

While employee FLSA claims may or may not be subject to arbitration under a collective bargaining agreement, where a union grieves for its members an overtime claim arising out of the same facts as a FLSA claim, it is prudential for the court to stay a later commenced FLSA action.

> A trial court may, with propriety, find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative or arbitral in character, and does not require that the issues in such proceedings necessarily controlling of the action before the court [citations omitted]...In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it.
>
> We remand this case to the district court so that it may have the opportunity to determine whether such circumstances are present here, and if so whether they justify continuance of the stay previously entered.

<u>Levya v. Certified Grocers of California, Ltd.</u>, 593 F.2d 857, 863-64 (9th Cir. 1979) (delivery truck drivers union grievance did not include FLSA claims; court may determine whether to stay FLSA claims by 35 drivers pending union arbitration)

32BJ members have many remedies for overtime arising under individual contracts, FLSA, CBA, and state wage law. Resolution of the 32BJ Guardian arbitration may settle or

4

satisfy the 32BJ members' overtime claims. 29 U.S.C. §253. Accordingly, the motion to give notice to 32BJ members should be denied, or such notice should be stayed pending the 32BJ Guardian arbitration.

## POINT III
## NOTICE SHOULD REFLECT THAT COLLECTIVE ACTIONS ARE DIFFERENT FROM CLASS ACTIONS

A FLSA Collective Action is distinct from a class action. Notice should reflect this.

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., provides employees may bring collective actions. 29 U.S.C. §§256 [1] and 257 [2]. The key section is 29 U.S.C. §216(b) which provides in part:

> An action to recover the liability …[under the FLSA] may be maintained against any employer …by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

In 1947, Congress created conditions to bringing FLSA causes—each plaintiff employee must file his consent with the court. 29 U.S.C. §16(b), part of the Portal to Portal Act.

The conditions are part of the substantive right, and are not "procedure." See United States ex rel Texas Portland Cement Co. v. McCord, 233 U.S. 157, 162 (1914).[3]

---

[1] In determining when an action is commenced…an action …under the [FLSA] …shall be considered commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the [FLSA]…" 29 USC §256 (in part)

[2] Pending collective and representative actions. The statute of limitations prescribed in [29 USC §255]… shall also be applicable (in the case of a collective or representative action …)

[3] Under the Heard Act, Act of February 24, 1905, an action by unpaid workmen and others on a contractor's bond had to be brought as a representative action no later than 1 year after final

5

Thus, the 1966 Advisory Committee to the Federal Rules of Civil Procedure commented

> The present provisions of 29 U.S.C. § 216(b) are not intended to be affected by Rule 23, as amended.
>
> 1966 Advisory Committee Note to FRCP 23 Amendments, at Subdivision (b)(3).

An employee's FLSA action is not a class action. Only the Secretary of Labor may bring a FLSA class action. 29 U.S.C. §216(b).[4]

The collective action procedure was described by Zechariah Chafee in <u>Some Problems of Equity</u> (1950) as follows:

> THE FAIR LABOR STANDARDS ACT OF 1938
> Congress has expressly authorized calls suits in an action for Unpaid minimum wages or unpaid overtime compensation, coupled with penalties which the statute imposes. One or more employees may sue on behalf of all employees similarly situated.
>
> Also there can be a sort of subrepresentation, for the 'one or more employees' can designate an agent to do the actual suing—presumably a trade union official. What is meant by "all employees similarly situated."? It can hardly mean everybody who works in the same factory, because that would often lump many different systems of pay into one suit. What appears to be contemplated is a class of all those who work under a particular system of hours or pay, for example, all those paid hourly rates below forty cents or all those compelled to work a forty-four hour week at a specified weekly salary which makes no express provision for overtime.
>
> There is almost sure to be a common question what is the right basis of compensation for this class, and possibly whether the class is exempted by the Act. Yet it is obvious that at the same time there may be a good many separate questions if the employees establish a right to excess compensation. There may be disputes whether particular persons were actually employed, for instance. And it will always be necessary to recalculate the pay envelope

---

settlement of contract; after action started, personal and published notice of pendency to be given to similar unpaid creditors inviting them to intervene. See <u>United States ex rel Proctor Mfg. Co. v. Illinois Surety Co.</u>, 228 F. 304 (2d Cir. 1915) (discussing notice) .

[4] The right provided by this subsection to bring an action by or on behalf of any employee, and the right of any employee to become a party plaintiff to any such action, shall terminate upon the filing of a complaint by the Secretary of Labor...

of every member of the class, so as to see how many dollars and cents each man is to recover. The atmosphere is somewhat different from an old-fashioned class suit to establish a corporate right, or obtain an injunction, or block the proposed rearrangement of a fraternal benefit society. The individuals are not quite so much lost in the class. "Employees may be similarly situated without being identically situated." It is more a case of every man for himself.

Still, whatever the special obstacles and complications, Congress has told the federal courts to entertain a class suit, so they cannot say that such a device is inappropriate. The judges are at liberty, however, to handle this type of class suit in a special way and, for the most party, they have done so. In other types, it is usually not worth while to have a class suit at all unless everybody is bound. Here it may be. Congress has set up an easy way for starting a suit for a suit for each of a considerable number of people with rather small means to claim some money. It saves expenses to pool. But they might never sue if it were necessary to sign everybody up first. So a few can begin it. Once a bandwagon gets moving, others can jump on if they want to. Still they may not want to. They may think this suit is badly managed. The very support Congress gives their claims indicates an unwillingness to let them be barred by what somebody else does.

So a suit under the Fair Labor Standards Act is usually treated as an Invitation To Come In. This is the best opportunity I know for type of class suit. Suppose that there are five hundred employees in the group. Five start the suit. Fifty more respond to the invitation and enroll themselves as coplaintiffs. The rest do not bother to do anything. The class wins. Of course, everybody listed in court now gets his excess compensation out of the employer. The outsiders hear about the victory and come around asking for money too. Most of the decisions say they get nothing. It is too late. This is tough on them, but fairer than barring them if they stay out and the class is defeated.

Chafee, <u>Some Problems of Equity</u>, 273-275 (1950).[5]

With the 1947 amendments, the FLSA has its own special rules.

"Subrepresentation" by a person without personal interest in the outcome, is prohibited.

<u>Hoffmann-La Roche v. Sperling</u>, 493 U.S. 165, 173 (1989); 29 C.F. R. § 790.20.

---

[5] The 1966 Advisory Committee to the Federal Rules referenced this quote. " see…Chafee, supra, at 273-75 regarding policy of Fair Labor Standards Act of 1938, §16(b), 29 U.S.C. § 216(b), prior to amendments by Portal-to Portal Act of 1947, § 5(a)."

7

The FLSA statute of limitations runs until an employee files his consent in court. 29 U.S.C. §256(b).[6]

The consent filing employee is a "**party** plaintiff", a **coplaintiff**. 29 U.S.C §§256 and 257; Chafee, Some Problems of Equity at 218-220 (1950).

The consent filing employee is captain of his own suit. He can voluntarily dismiss his own case; FRCP 41(a)(1); or settle it without the approval of other plaintiffs.

As a **party**, he makes initial disclosures; FRCP 26(a); is subject to disclosure by notice; FRCP 26 (a)(3); and can be sanctioned for nondisclosure. FRCP 37. If the consent filing employee loses, he is liable for costs; 28 U.S.C. §1920; and costs on appeal. FRAP 39.

Employees can commence an action in another forum or do nothing.

An employee filing a consent can act *pro se* or can hire his own attorney. He is not bound to hire the attorney retained by the first plaintiff.

Employees may **elect** a representative by their **consents**. A court order is not required.[7]

The employee starting the bandwagon may act as representative. 29 C.F.R. § 790.20. But others may not accept him. He may not be "similarly situated." Thomas v. Keystone Silver, Inc., 174 Misc. 733, 22 N.Y.S.2d 796 (N.Y. Sup. Ct. 1940)(members of one union may choose not to have FLSA representative from a second union).

---

[6] The statute of limitations is tolled by the representative's commencement of a FRCP 23 class action.
[7] Similarly, there is no need for approval of class counsel or certification of the class.

Nonconsenting employees are neither bound nor benefitted by a judgment. Chafee, <u>supra</u>. But the short statute of limitations; 29 U.S.C. §255 (two years, three years if willful); prevents multiplicity of suits and further actions.

The short limitations measures the employer's exposure. Only those timely filing consents can recover.

The FLSA has special settlement rules. 29 U.S.C. §§253(a) and 253(c). The Secretary of Labor is authorized to review settlements; 29 U.S.C. §216(c); but the court may approve settlements. <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1352 (11th Cir. 1982).

FLSA special rules govern this action, the form of notice requested, and the Court's role.

Plaintiff's proposed form of notice is deficient in that it does not advise that:

1. Each employee filing consent is a party and subject to the rights, responsibilities, and liabilities of any party to litigation.
2. Each employee who files a consent has the right to appear <u>pro se</u>, or retain an attorney of his own choosing. He is not required to hire Gani's attorney.
3. Each employee may bring an action elsewhere, or not at all.
4. Each employee may, but is not required to, elect a representative and not necessarily Gani.
5. Notice should go only to those employed within 3 years as the FLSA has a 2 or 3 year statute of limitations.
6. The Court takes no position on the merits of this action.

## CONCLUSION

The motion should be denied in all respects, or the form of notice modified.

Respectfully submitted,

GOETZ FITZPATRICK LLP

*[signature]*

By: Eugene H. Goldberg
Attorneys for Defendants
Guardian Service Industries, Inc.
and Samuel Herzfeld
One Penn Plaza, Suite 4401
New York, New York 10119
(212) 695-8100

W:\EGoldberg\Guardian\Gani\Memorandum of Law IN opposition to COLLECTIVE ACTION Notice.docx