```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

BLEDAR GANI, Individually and on behalf of
All other persons similarly situated,

                Plaintiff,

        -against-                                          10 Civ. 4433 (CM)(JCF)

GUARDIAN SERVICE INDUSTRIES INC.,
SAMUEL HERZFELD
And JOHN DOES #1-10,

                Defendants.

----------------------------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/11

MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION, APPROVING PLAINTIFF'S PROPOSED FORM OF NOTICE AND DIRECTING DEFENDANT TO PROVIDE CONTACT INFORMATION

McMahon, J.:

Before the court is a motion for approval of a collective action notice proposed by plaintiff. The motion is granted in its entirery.

Plaintiff, on behalf of himself and other commercial cleaners employed by defendants Guardian Service Industries and Samuel Herzfeld, seeks compensation for unpaid overtime that he and they worked during a period when they were misclassified as "exempt" employees. He seeks authority, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), to maintain this action as a collective action, and asks the defendant be required to disclose the names and last known addresses of current and former employees who are potential plaintiffs, so that they can be sent opt-in notice in the form proposed. Such motions are routinely granted in FLSA cases in this Circuit; a plaintiff need make only a modest factual showing sufficient to demonstrate that [the named plaintiff] and potential plaintiffs together were victims of a common policy or plan that violated the law." Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (Sotomayor, J.). Here, plaintiff has submitted an affidavit that sets out facts tending to show that he and other employees routinely worked more than 40 hours a week as building cleaners without being paid time and a half for hours in excess of 40. He specifically identified three other employees by their full names (Charlie Church, Susanna Ramuschevic and Atli Skenderi) and one by first name (Orlando LNU).

Defendants oppose the motion. They assert that plaintiff has failed to demonstrate sufficient similarity because he was a non-union vacation replacement cleaner for Guardian,

while the three employees who are identified by their full names are union members, whose employment is subject to the collective bargaining agreement between Guardian and SEIU Local 32BJ, AFL-CIO. That, of course, is not a difference that makes a difference – non-exempt employees, whether union members or not, are entitled to be paid at overtime rates for hours worked in excess of 40 per week. That is the only respect in which plaintiff needs to be similarly situated to other cleaning employees. Furthermore, counsel for plaintiff has established that Guardian employs seasonal non-union cleaners (like plaintiff) in numbers exceeding 200 during summer weeks. That fact coupled with Gani's sworn statement that he and others (including union members) worked more than 40 hours per week but were not paid for their excess hours at overtime rates establishes, for purposes of certifying this action as a collective action and authorizing notice, that there are others who are similarly situated to plaintiff.

Defendants also assert that, when plaintiff commenced this action, the Union and Guardian were in arbitration concerning "similar overtime claims" by 32BJ on behalf of its union members. However, the notice of arbitration alleges that Guardian paid union cleaners at rates other than the applicable contract rate. The arbitration does not purport to relate to FLSA claims, nor could it, since it is well settled that Section 5 of the Portal-to-Portal Act bars unions from bringing representative actions under the FLSA. Even authority cited by defendant recognizes that labor arbitration brought pursuant to a CBA is no bar to the separate maintenance of FLSA overtime claims. Levya v. Certified Grocers of California, Ltd., 593 F. 2d 857, 863-64 (9th Cir. 1979). Furthermore, the United States Supreme Court has specifically held that employees who have submitted their wage disputes to grievance arbitration proceedings under collective bargaining agreements may also file actions under the FLSA, so the pendency of the arbitration does not bar potential class members from participating as plaintiffs in this action. Barrentine v. Arkansas-Best Freight System, 450 U.S. 728, 745 (1981).

Therefore the court orders that the instant action be maintained as a collective action pursuant to 29 U.S.C. § 216(b). The court denies defendants' request that the giving of notice be stayed pending the ongoing labor arbitration over contract, not FLSA, issues.

The court directs that notice of collective action be sent to all cleaner employees of Guardian as requested by plaintiff – not just non-union employees – and there will be no carve-out for employees who cleaned at particular branches.

Defendant is directed to provide plaintiff's counsel, within twenty days following the date of this order, with the names and addresses of all cleaner employees, union and non-union -- including employees with different titles whose job duties included cleaning premises – who were employed by defendants at any time during the six years preceding the date on which the instant complaint was filed. The individuals are hereinafter referred to as "prospective plaintiffs." I am authorizing notice going back six years because plaintiff has made a preliminary showing that defendant failed to post required notices advising cleaner employees of their right to be paid time and a half for working in excess of 40 hours per week. Iglesias-Mendoza v. La Belle Farm, Inc., 239 FR.D. 363 (S.D.N.Y. 2007).

Defendant has objected to the form of notice suggested by plaintiff. I have reviewed the notice and find that it is appropriate in the form suggested by plaintiff. In particular, the proposed

form of notice does not mislead potential plaintiffs into thinking that any finding has been made that they are in fact "similarly situated" to plaintiff (see page 1, Item I); it advises potential plaintiffs that they can hired counsel of their own choosing (see page 3, Item IV); it advises potential plaintiffs that they have a right to steer completely clear of the lawsuit (see page 3, Item V); and it makes clear (in block capital letters, no less) that the court "HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF THE DEFENDANTS' DEFENSES." (See page 4, Item IX). In view of the foregoing citations to the proposed order, defendants' objections to the form of notice are specious and they are summarily rejected.

      I endorse and adopt the wise words of my colleague, The Hon. Lisa Margaret Smith, U.S.M.J., in Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 10, 105 (S.D.N.Y. 2003) – nothing in this decision constitutes a final determination that particular persons are or are not "similarly situated" to plaintiff – only that plaintiff has made a sufficient showing that there are such persons to meet his minimal burden at this stage. The action is preliminarily certified as a collective action and notice in the form proposed by plaintiff shall be given no later than February 25, 2011

Dated: January 13, 2011

_____
U.S.D.J.

BY ECF TO ALL COUNSEL