UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BLEDAR GANI, Individually and on Behalf    :
of  All Other Persons Similarly Situated.    :     10 Civ. 433 (KBF)(JCF)
   :
                            Plaintiff,    :
   :
             -against-    :
   :
GUARDIAN SERVICE INDUSTRIES INC.,    :
SAMUEL HERZFELD and JOHN    :
DOES #1-10,    :
   :
                Defendants.    :
---------------------------------------------------------------X

## MOTION ON CONSENT AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

LAW OFFICE OF WILLIAM COUDERT RAND
William Coudert Rand, Esq. (WR-7685)
Attorney for Plaintiff, Individually,
and on Behalf of All Other Persons Similarly
Situated
228 East 45th Street, 17th Floor
New York, New York 10017
Tel: (212) 286-1425

Co-counsel
Jeffrey M. Gottlieb, Esq. (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795
Attorneys for Plaintiff

TABLE OF CONTENTS

Page

I.      INTRODUCTION…………...……………………………………………....1

II.     BACKGROUND OF THE LITIGATION AND THE SETTLEMENT…………2

III.    THE PROPOSED SETTLEMENT…………………………………………….5

        A.      Settlement Class………………………………………………………..5

                1.      Class Action Settlement Members…………………………….5

                2.      Collective Action Settlement Members………………………...5

                3.      Persons Excluded from both the Class Action Settlement
                        And the Collective Action Settlement……………………………6

        B.      Settlement Considerations……………………………………………..6

                1.      Proposed Monetary Terms……………………………………..6

                        a.      Class Action Settlement Class…………………………6

                        b.      Collective Action Settlement Members…………………..6

                2.      Payment of Attorneys' Fees, Costs and Expenses…...……………7

                3.      Additional Payment for the Named Plaintiff……………………..7

        C.      Release of Claims……………………………………………………7

        D.      Defendants' Limited Right to Withdrawal from Settlement………………8

IV      PRELIMINARY SETTLEMENT APPROVAL………………………………8

        A.      The Role of the Court………………………………………………..8

        B.      The Proposed Settlement Class May Be Certified Under *Amchem*……….9

                1.      Plaintiff Has Met All Of The Prerequisites
                        Under Rule 23(a) and Section 216 of the
                        Fair Labor Standards Act……………………………………...11

                        a.      The Requirement of Numerosity is Satisfied……………11

                        b.      The Requirement of Commonality is Satisfied…………..13

TABLE OF CONTENTS (CONTINUED)

Page

c.    The Requirement of Typicality is Satisfied……………...13

d.    The Requirement of Adequate Representation is
      Satisfied…………………………………………………..14

2.    The Court Should Certify The Settlement Class Under Rule
      23(b)(3) and Section 216 of the Fair Labor Standards Act………15

3.    The Court Should Appoint Plaintiff's Counsels As
      Class Counsels…..………………………………………….....15

C.    Criteria To Be Considered In Deciding Preliminary Approval………….16

1.    There Are No Grounds To Doubt The Fairness Of
      The Settlement, Which Is The Product Of Extensive,
      Arm's-Length Negotiations………………………………...19

2.    The Settlement Contains No Obvious Deficiencies…………...21

3.    The Settlement Falls Within The Range Of Possible
      Approval…………………………………………………………22

V.    THE PROPOSED PLAN OF CLASS NOTICE………………………….22

VI.   CONCLUSION………………………………………………………...25

**TO THE HONORABLE DISTRICT COURT**:

> Under Rule 23(e) of the Federal Rule of Civil Procedure and Section 216 of the Fair Labor Standards Act, the Named Plaintiff Bledar Gani ("Plaintiff") applies to this Court for preliminary approval of a proposed settlement in this wage and hour class action, as set forth below.  Defendants Guardian Service Industries Inc., and Samuel Herzfeld (collectively "Defendants"), consent to this application.

## I.      INTRODUCTION.

> Plaintiff submits this application for preliminary approval of a proposed settlement in this wage and hour class action brought on behalf of the employees of Defendants.  The settlement will resolve all claims before this Court with prejudice to the class members and without costs or fees except as specifically provided in the Settlement Agreement.

> The proposed compromise is set forth in a Settlement Agreement, dated as of March 19, 2012 ("Settlement Agreement" attached hereto as Exhibit A), which accompanies this submission.  The Settlement Agreement is not an admission of liability by Defendants.  The settlement is the result of extensive, arms-length discussions and negotiations.

> Plaintiff asks this Court to enter the proposed Order, submitted herewith as Exhibit B: (1) granting preliminary approval of the proposed settlement; (2) certifying the proposed plaintiff class pursuant to Rules 23(b)(2) and (b)(3) and Section 216 of the Fair Labor Standards Act for purposes of the settlement; (3) directing that the class be given notice of the pendency of this action and the settlement in the form and matter proposed by the parties (see notices attached to Settlement Agreement as Exhibit A-C); and (4) scheduling a hearing at which the Court will consider the parties' motion for final

approval of the settlement and entry of their proposed final judgment, and Plaintiff's counsels' application for approval of a negotiated attorneys' fees payment in the amount of $110,000, and a negotiated costs and expenses payment in the amount of $7,212.00.

As identified in the proposed Order, Plaintiff recommends that the Court order that the following actions occur on the dates specified in the proposed Order: (1) notice be provided to Settlement Class Members by mail based upon the employees' addresses maintained by the Defendants; (2) requests for exclusion from the settlement be postmarked on or before the date specified in the proposed Order; (3) objections to the settlement or the award of attorneys' fees in favor of Plaintiff's counsels be served on counsels and the Court on or before the date sixty days after mailing of the Notice; and (4) a Fairness Hearing be held at the Court's convenience, and, on a date specified in the proposed Order. Defendants' Counsel has consented to this application to the Court and also asks the Court to grant the requested relief.

## II.     BACKGROUND OF THE LITIGATION AND THE SETTLEMENT.

Bledar Gani commenced the Litigation by filing a complaint in the United States District Court for the Southern District of New York on June 3, 2010, in which he asserted claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New York Labor Law ("Labor Law"), alleging failure to properly maintain time records of hours worked, failure to post required notices of minimum wage and overtime pay rights under FLSA, failure to pay for hours worked in excess of forty (40) hours per week and failure to pay time and one half for hours worked over forty (40) per week. Plaintiff brought the action as a collective action under the FLSA and a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure with regard to the Labor Law claims.

Defendants answered the complaint in this action on July 30, 2010, and unequivocally denied any liability or wrongdoing, and indicated that they intended to vigorously defend themselves against the claims if the Parties were not able to effectuate a fair and reasonable settlement.  Defendants continue to deny any liability or wrongdoing of any kind whatsoever associated with the claims alleged in this action, and nothing contained herein shall be deemed a presumption, concession or admission by Defendants of any liability or wrongdoing as to any facts or claims alleged or asserted in this action.

Prior to entering into the Settlement Agreement, Plaintiff's counsels conducted an investigation relating to the events and transactions underlying Plaintiff's claims.  Plaintiff's counsels' decision to enter into this Settlement Agreement was made with knowledge of the facts and circumstances underlying Plaintiff's claims and the strengths and weaknesses of those claims.  In determining to settle the Action, Plaintiff's Counsels have analyzed the evidence adduced during pretrial proceedings and settlement negotiations, and have taken into account the substantial expense and length of time necessary to prosecute the litigation through class certification, trial, post-trial motions and likely appeals, taking into consideration the significant uncertainties in predicting the outcome of this complex litigation.  Plaintiff's Counsels believes that the Settlement described herein confers substantial benefits upon the Class Members, and Collective Action Members.  Based upon consideration of these factors, and others, Plaintiff's Counsels have concluded that it is in the best interest of Plaintiff, the Class Members, and the Collective Action Members to settle the Action on the terms described herein, and that such Settlement is fair, reasonable and adequate to the Class.

Plaintiff's Counsels believe that if the Action were not settled, and (1) the Court certified the Action as a class action over Defendant's opposition, (2) the Action proceeded to trial, and (3) the individually named Plaintiff, the Class Members, and Collective Action Members prevailed on every claim and contention asserted, the recovery by judgment could be greater than the recovery under the Settlement.  However, Plaintiff's Counsels considered that there was a substantial risk that, if the Action proceeded, class certification would not be granted, and that, even if certification were granted, Plaintiff, the Class Members, and the Collective Action Members, might not have prevailed on any or all of their claims.  Plaintiff's Counsels also considered the likelihood that Defendants would appeal any adverse rulings, which would, at a minimum, substantially delay any recovery and present a risk that such rulings would be reversed in Defendants' favor.

Defendants deny all allegations of wrongdoing or liability whatsoever. Defendants desire to settle and terminate all existing or potential claims against them, which were, or could have been, asserted in the Action, without in any way acknowledging any fault or liability, in order to eliminate the expense and uncertainty of protracted litigation.  The Settlement Agreement is not, and shall not be construed or be deemed to be, evidence or an admission or a concession on the part of Defendants of any fault or liability or damages whatsoever, and Defendants do not concede any infirmity in the defenses which it has asserted or could have asserted in the Action.

The amount of damages, if any, which Plaintiff could prove on behalf of himself, the Class Members, or the Collective Action Members was also a matter of dispute.  The Settlement's provisions do not constitute a finding, admission or concession of the existence, extent or measure of damages.  No determination has been made by the

Court as to liability or the amount, if any, of damages incurred by the Class, nor on the proper measure of any such damages. The determination of damages, like the determination of liability, is a complicated and uncertain process. The Settlement herein will provide an immediate and substantial benefit, and avoids the risks that liability or damages might not be proved at trial, as well as the risk that class and collective action certification might not be granted.

## III.   THE PROPOSED SETTLEMENT.

### A.   Settlement Class

#### 1.   Class Action Settlement Members

Class Action Members subject to this provision concerning class action treatment under F.R.C.P. Rule 23 consist of all individuals employed by Guardian exclusively as Bank Cleaning Employees (as defined in section 2.21 of the Settlement Agreement) at any time from January 1, 2004 to February 1, 2012.

The Class Action Members specifically exclude (i) persons listed on Schedule 3 who have executed a waiver and release of any claims covered by this Agreement prior to the Date that the Agreement is signed, and (ii) any eligible Class Action Member who opts out of the Class Action Settlement Class. See Section 7a. Since no Schedule 3 was ever attached to the Settlement Agreement by Defendants, it is understood that there are no persons excluded from the settlement based on a prior waiver and release.

#### 2.   Collective Action Settlement Member

Collective Action Settlement Members consist of all individuals employed by Guardian during the period January 1, 2004 through February 1, 2012 who (a) were assigned as both Bank Cleaning Employees and Base Building Employees (each as defined in section 2.21 of the Settlement Agreement), and (b) timely filed consent-to-join

forms opting in to the Litigation.  However, these employees are not subject to inclusion as Class Action Members by virtue of F.R.C.P. Rule 23.

      **3.**      **Persons Excluded from both the Class Action Settlement Class and the Collective Action Settlement.**

Any individuals who worked solely in commercial office buildings as Base Building Employees (as defined in Section 2.21 of the Settlement Agreement) are not included in either the Class Action Settlement Class or the Collective Action Settlement.  Individuals who filed consent-to-join forms opting in to the Collective Action, but who were not employed by Guardian either exclusively or at least a portion of their time in bank branches as Bank Cleaning Employees (as defined in section 2.21 of the Settlement Agreement) between January 1, 2004 and February 1, 2012 (hereafter, "Excluded Collective Action Settlement Members"), are excluded from both the Class Action Settlement Class and the Collective Action Settlement, and their claims are being dismissed without prejudice.

      **B.**      <u>**Settlement Considerations.**</u>

The settlement considerations being provided by Defendants pursuant to the Settlement Agreement is as follows:

      **1.**      **Proposed Monetary Terms.**

      **a.  Class Action Settlement Class**

Defendants agree to pay an aggregate settlement amount of $200,000.00 to settle the claims of the Class Action Settlement Class.  This "Class Action Settlement Class" Amount shall be distributed as Individual Settlement Amounts, in the manner described in Section 9.A. of the attached Settlement Agreement.

      **b.  Collective Action Settlement Members**

Defendants agree to pay an aggregate settlement amount of $65,000.00 to settle the claims of the Collective Action Settlement Members.  This "Collective Action Settlement" Amount shall be distributed as Individual Settlement Amounts, in the manner described in Section 9.B. of the attached Settlement Agreement.

### 2.      Attorneys' Fees, Costs and Expenses

Plaintiff's counsels seek an award of One-Hundred and Ten Thousand Dollars ($110,000.00) for attorneys' fees and an award of Seven Thousand, Two Hundred and Twelve Dollars ($7,212.00) in costs and expenses already incurred in this Litigation.  These amounts will be paid to Plaintiff's Counsels if the Court approves the fairness of the settlement agreement.  Plaintiff's Counsels will not make any further application to the Court for any additional fees, costs and/or expenses.  Defendants have agreed to pay these fees and expenses and have agreed not to oppose the fairness of the fee.  *See* Paragraph 6B of the Settlement Agreement.

### 3.      Additional Payment for the Named Plaintiff

Defendants agree to pay the sum of $5,000 to the Named Plaintiff, Bledar Gani within thirty (30) days of the Effective Date, as an incentive and compensatory award for his services as the putative class representative in this action and the aid he provided to Class Counsels in the Litigation.  This Award does not diminish in any way Gani's recovery as a member of the Class Action Settlement Class.

### C.      <u>Release of Claims.</u>

In return for the above consideration, Settlement Class Members will release all "Released Claims" (as defined in the Settlement Agreement) against the Defendants and any of its parents, subsidiaries, affiliated entities, predecessors, successors and assigns, and any current or former officers, board members, directors,

shareholders, employees, administrators, trustees, executors, attorneys, consultants, legal representatives, agents and insurers, or any plan, plan fiduciary or plan administrator, creditors and any otherwise affiliated or related entities or persons.

> **D.** **Defendants' Limited Right to Withdrawal from Settlement.**

The Settlement Agreement may be terminated by any party if the Court declines to approve the Settlement Agreement or any material term of the Settlement Agreement (including attorneys' fees in the amount of $110,000) or may be terminated by Defendants if more than 25% of the Class Members who receive a Settlement Notice elect to opt out of the settlement.

## IV.   PRELIMINARY SETTLEMENT APPROVAL.

> **A.** **The Role of the Court.**

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for any compromise of claims brought on a class basis.  Approval of a proposed settlement is a matter within the broad discretion of the district court. *See In re Warner Comms. Sec. Litig.,* 798 F.2d 35, 37 (2d Cir. 1986); *In re Michael Milken & Assoc. Sec. Litig.*, 150 F.R.D. 46, 53 (S.D.N.Y. 1993). "Preliminary Approval of a proposed settlement is the first in a two-step process required before a class action may be settled." *In re NASDAQ Market-Makers Antitrust Litig.,* 176 F.R.D. 99, 102, (S.D.N.Y. 1997) ("*In Re NASDAQ*"). "First, the court reviews the proposed terms of settlement and makes a preliminary determination of the fairness, reasonableness and adequacy of the settlement terms." *In re Initial Pub. Offering Sec. Litig.,* 226 F.R.D. 186, 191 (S.D.N.Y 2005) ("*In re Initial Pub. Offering*") (citing *Manual for Complex Litigation*, Fourth § 21.632 (2004)).  "Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant

preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted." *In re NASDAQ*, 176 F.R.D. at 102.

"If the court preliminarily approves the settlement, it must direct the preparation of notice of the certification of the settlement class, the proposed settlement and the date of the final fairness hearing." *In re Initial Pub. Offering*, 226 F.R.D at 191. Class members may then present arguments and evidence for and against the terms of the settlement before the Court decides whether the settlement is fair, reasonable and adequate. *Id*. (citing *Manual for Complex Litigation, Fourth* § 21.632-21.635 (2004)).

**B.    The Proposed Settlement Class May Be Certified Under *Amchem*.**

Prior to granting preliminary approval of a settlement, the Court should determine that the proposed settlement class is a proper class for settlement purposes. *See Manual for Complex Litigation, Fourth* § 21.632; *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).  *See also Denney v. Jenkens & Gilchrist*, 230 F.R.D 317, 347 (S.D.N.Y 2005) ("Courts have frequently certified settlement classes on a preliminary basis, at the same time as the preliminary approval of the fairness of the settlement, and solely for the purposes of settlement, deferring final certification of the class until after the fairness hearing.") *rev'd on other grounds*, *Denny v. BDO Seidman, LLP*, 412 F.3d 58 (2d Cir. 2005).  The Court can certify a class where plaintiffs demonstrate that the proposed class and proposed class representatives meet the prerequisites in Rule 23(a) – numerosity, commonality, typicality and adequacy of representation – and one of the three requirements of Rule 23 (b).  Fed. R. Civ. P. 23; *In re Visa Check/Mastermoney Antitrust Litig.*, 280 F.3d 124, 132-33 (2d Cir. 2001) *superseded by statute on other*

*grounds as noted in Attenborough v. Constr. & Gen. Bldg. Laborers' Local 79*, 238 F.R.D 82 (S.D.N.Y. 2006) .

Certification of a class action for damages requires a showing that "questions of law and fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

In certifying a settlement class, the Court is not required to determine whether the action, if tried, would present intractable management problems. *Amchem Prods.*, 521 U.S. at 620; *see* Fed. R. Civ. P. 23 (b)(3). Rather, the Court has great discretion in determining whether to certify a class. *Amchem*, 521 U.S. at 624. Here, for the purposes of the Settlement Agreement, the Parties have agreed to the preliminary certification of the Settlement Class, subject to the Court's entry of a Final Order approving same.

Additionally, an employee alleging violations of FLSA may bring an action on behalf of all "other similarly situated employees." 29 U.S.C. § 216(b). Collective actions benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact," and by providing plaintiffs with the opportunity to "lower individual costs to vindicate rights by pooling of resources." *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The FLSA's "collective action" provision allows one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001)

Moreover, certification of the settlement class identified in the proposed Order is appropriate under FLSA, 29 U.S.C. section 216(b), and the Federal Rules of Civil Procedure 23(a) and 23(b)(3) for the reasons set forth below.  Such a "hybrid" class action is appropriate.  *See e.g. Kelly v. City and County of San Francisco*, No. C05-1287, 2005 WL 3113065 (N.D. Cal. Nov. 21, 2005) (certifying Rule 23 class after previously issuing 216(b) notice).

### 1. Plaintiff Has Met All Of The Prerequisites Under Rule 23(a) and Section 216 of the Fair Labor Standards Act.

Plaintiff has satisfied the numerosity, commonality, typicality and adequacy of representation requirements under Rule 23(a) and Section 216 of the Fair Labor Standards Act.

### a.  The Requirement of Numerosity is Satisfied.

The settlement class contains a group of 264 employees of Defendants (See Schedule 1 to the Settlement Agreement).  The Settlement Class is so numerous that joinder of all Settlement Class members is impractical.  *See* Fed. R. Civ. P. 23(a)(1). *Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993) ("Rule 23(a) requires a finding that the numerosity makes joinder of all class members 'impracticable,'" and "courts have not required evidence of exact class size or identity of class members to satisfy the numerosity requirement.").

While a potential class of forty members is generally presumed sufficiently numerous, *see Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d at 483, a court evaluating the appropriateness of class certification must consider more than mere numbers alone. *See Robidoux v. Celani*, 987 F.2d at 936.  Rather, a determination of practicability should be based upon all the circumstances surrounding the case. *Id.* The court should consider such relevant factors as: "judicial economy arising from the

avoidance of a multiplicity of actions, . . . financial resources of class members, [and] the ability of claimants to institute individual suits." *Id.* (*citing* 1 Newberg, Newberg on Class Actions: A Manual for Group Litigation at Federal and State Levels § 3.06, at 143 (2d ed. 1985)). *See also Frank v. Eastman Kodak Co.,* 228 F.R.D. 174 (W.D.N.Y. 2005) (class of twenty-one employees not paid overtime found sufficiently numerous); *Cypress v. Newport News Gen. & Nonsectarian Hosp. Ass'n,* 375 F.2d 648 (4th Cir. 1967) (class of eighteen individuals found sufficiently numerous); *Grant v. Sullivan,* 131 F.R.D. 436, 446 (M.D. Pa. 1990) (certification of class may be proper even with class as small as fourteen members); *Meyer v. Stevenson, Bishop, McCredie, Inc.,* 1976 U.S. Dist. LEXIS 15159, 1976 WL 788, *2 (S.D.N.Y. 1976) (certifying class of thirty individuals); *Philadelphia Elec. Co. v. Anaconda Am. Brass Co.,* 43 F.R.D. 452 (E.D. Pa. 1968) (class of twenty-five individuals satisfied numerosity requirement).

Determination of practicability depends on all the circumstances surrounding a case, not on mere numbers. *Demarco v. Edens,* 390 F.2d 836, 845 (2d Cir. 1968). Relevant considerations include judicial economy arising from the avoidance of a multiplicity of actions, geographic dispersion of class members, financial resources of class members, the ability of claimants to institute individual suits, and requests for prospective injunctive relief which would involve future class members. 1 Newberg, *supra,* § 3.06, at 143; *see Deposit Guar. Nat'l Bank v. Roper,* 445 U.S. 326, 339, 63 L. Ed. 2d 427, 100 S. Ct. 1166 (1980) ("Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class-action device."); *McDonald v. Heckler,* 612 F. Supp. 293, 300 (D. Mass. 1985) (poverty), *modified on other grounds,* 795 F.2d 1118 (1st Cir. 1986); *Arthur v.*

*Starrett City Assoc.,* 98 F.R.D. 500, 505-06 (E.D.N.Y. 1983) (fluctuating membership);

*Marcera v. Chinlund*, 91 F.R.D. 579, 583 (W.D.N.Y. 1981) (statewide distribution);

*Folsom v. Blum*, 87 F.R.D. at 445 (fluctuating membership).

### b.  The Requirement of Commonality is Satisfied.

There are several questions of law and fact common to the Settlement Class.  Among these questions are:

    i.     whether the class members are/were employees of Defendants;

    ii.    whether Defendants failed to pay class members overtime wages in violation of either the FSLA or the N.Y. Labor Law and/or the regulations promulgated thereunder;

    iii.   whether, if Plaintiff establishes a violation of the law, Defendants acted intentionally and maliciously;

    iv.   whether Defendants are/were covered employers required to pay overtime wages pursuant to the FLSA and/or the N.Y. Lab. Law and/or the regulations promulgated thereunder;

    v.    whether, if Plaintiff establishes Defendants violated the law, such violation was made in good faith, and Defendants had reasonable grounds for believing that any such act or omission was not a violation of the FLSA or N.Y. Lab. Law.

    vi.   whether Defendants are liable for any of the damages claimed in the Complaint including, but not limited to: compensatory and liquidated damages, interest, costs, disbursements attorneys' fees, and litigation costs and expenses.

### c.  The Requirement of Typicality is Satisfied.

Plaintiff's claims are typical of those of the Settlement Class because, like all Settlement Class Members, they are/were employed by Defendants and claim violations of state and federal labor laws.  See Fed. R. Civ. P. 23(a)(3).

### d.  The Requirement of Adequate Representation is Satisfied.

Plaintiff and Class Counsels have fairly and adequately represented and protected the interests of all Settlement Class Members.  Moreover, Plaintiff has no interests antagonistic to Settlement Class Members.  Class Counsels conducted a thorough pre-filing and continuing investigation, vigorously prosecuted the lawsuit, and negotiated a settlement that provides prompt and valuable relief to Settlement Class Members.

### 2.    The Court Should Certify The Settlement Class Under Rule 23(b)(3) and Section 216 of the Fair Labor Standards Act.

Preliminary certification is appropriate because, as set forth above, Plaintiff has satisfied the predominance and superiority requirements under Rule 23(b)(3).

Specifically, the questions of law and fact common to all Settlement Class Members are described above.  These common questions predominate over any individual issues such as the nature and extent of damages.  *See In re Visa Check/Mastermoney Antitrust Litig.,* 280 F.3d at 139 ("Common issues may predominate when liability can be determined on a class-wide basis, even when there are some individualized damage issues."); *Blackie v. Barrack,* 524 F.2d 891, 905 (9th Cir. 1975) ("The amount of damages is invariably an individual question and does not defeat class action treatment.").

Additionally, a class action is clearly superior to other available methods for the fair and efficient adjudication of the controversy because joinder of all Settlement Class Members is impracticable.

Moreover, as the damages allegedly suffered by individual members of the Settlement Class may be relatively small, the expense and burden of individual litigation would make it impossible for all Settlement Class members to individually redress the alleged harm done to them.

In sum, the Settlement Class is suitable for certification, and the Court should certify the Settlement Class pursuant to Rule 23(b)(3), for purposes of granting preliminary approval to the settlement.

### 3. The Court Should Appoint Plaintiff's Counsels As Class Counsels.

Under Rule 23, "a court that certifies a class must appoint class counsel. . . . [who] must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(A), (B).  In making this determination, the Court must consider counsel's: (1) work in identifying or investigating potential claims; (2) experience in handling class actions or other complex litigation, and the types of claims asserted in the case; (3) knowledge of the applicable law; and (4) resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(C).

As identified in their resumes presented to the Court, Plaintiff's Counsels have significant experience in litigating class actions and collective actions pursuant to the FLSA. (*See*, Declaration of William C. Rand In Support of Plaintiff's Application for Preliminary Approval of Class Action Settlement, Ex. A, firm resume of the Law Office of William Coudert Rand and Ex. B, firm resume of Gottlieb & Associates).  Counsels have diligently investigated, prosecuted, and settled this lawsuit, dedicated substantial

resources to the investigation and prosecution of the claims at issue in the lawsuit, and demonstrated their knowledge of the state and federal labor laws at issue.

Therefore, the Court should appoint Plaintiff's Counsels to serve as Class Counsels for the Settlement Class pursuant to Rule 23(g).

### C.      Criteria To Be Considered In Deciding Preliminary Approval.

After certifying the Settlement Class, the Court should turn its attention to preliminarily approving the settlement. The Court must "make a preliminary determination of the fairness, reasonableness, and adequacy of the settlement terms." *Manual for Complex Litigation, Fourth*, § 21.633. The primary question raised by a request for preliminary approval is whether the proposed settlement is "within the range reasonableness." Id. § 40.42

"In considering preliminary approval, courts make a preliminary evaluation of the fairness of the settlement, prior to notice." *In re NASDAQ*, 176 F.R.D. at 102. The purpose of the preliminary approval inquiry is "to determine whether the proposed settlement is within the range of possible approval." *Armstrong v. Board of School Directors of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980) (internal quotation omitted) *overruled on other grounds Felzen v. Andreas*, 134 F.3d 873( 7th Cir. 1998) (quoted in *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995) ("*In re Prudential*)). "Such a determination, though, need not focus solely on the monetary benefits of a proposed settlement. It should additionally weigh the value of any monetary or intangible benefits associated with the agreement." *In re Initial Pub. Offering*, 226 F.R.D. at 197.

16

Preliminary approval does <u>not</u> require the district court to answer the ultimate question of whether a proposed settlement is fair, reasonable, and adequate. Rather, that decision is made only at the final approval stage, after notice of the settlement has been given to the class members and they have had an opportunity to voice their views of the settlement or to exclude themselves from the settlement. *See* 3 BJ Moore, *Moore's Federal Practice* paragraph 23.80[2.-1], at 23-479 (2d ed. 1993); *In re Prudential*, 163 F.R.D. at 210 (noting that the court can fully evaluate the fairness of the settlement "at the fairness hearing, where it can consider the submissions by proponents and potential opponents of the settlement and the reaction of the Class Members"). Preliminary approval is merely the prerequisite to giving notice so that "the proposed settlement . . . may be submitted to members of the prospective class for their acceptance or rejection." *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.,* 323 F. Supp. 364, 372 (E.D. Pa. 1970).  *See also In re Initial Pub. Offering*, 226 F.R.D. at 191 (fairness hearing affords class members "an opportunity to present their views of the proposed settlement").

"It is well established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions." *In re Prudential*, 163 F.R.D at 209.  *See also Wal-Mart Stores, Inc. v. Visa U.S.A Inc.*, 396 F.3d 96, 117 (2d Cir. 2005) (quoting 4 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 11:41, at 87 (4th ed. 2002)). In considering a potential settlement, the trial court need not reach any ultimate conclusions on the substantive factual or legal issues of plaintiff's claims.  *See Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir. 1974).  "We recognize that since 'the very purpose of a compromise is to avoid the trial of sharply disputed issues and to dispense with wasteful litigation', the court must not turn the settlement

17

hearing 'into a trial or a rehearsal of the trial'; and that the court 'is concerned with the likelihood of success or failure and ought, therefore, to avoid any actual determination or the merits. "" *Saylor v. Lindsley*, 456 F.2d 896, 904 (2d Cir. 1972) (quoting Haudek, *The Settlement and Dismissal of Stockholders' Actions – Part II: The Settlement*, 23 Sw.L.J. 765, 795 (1969) (footnotes omitted)). "In determining whether a proposed settlement is fair, reasonable, and adequate, the primary concern is with the substantive terms of the settlement:

> Basic to this … is the need to compare the terms of the compromise with the likely rewards of litigation." *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995) (internal quotations omitted).

Moreover, the opinion of experienced counsels supporting the settlement is entitled to considerable weight. *See Reed v. General Motors Corp.,* 703 F.2d 170, 175 (5th Cir. 1983) ("[T]he value of the assessment of able counsel negotiating at arm's length cannot be gainsaid. Lawyers know their strengths and they know where the bones are buried."). As the court explained in *Lyons v. Marrud, Inc.*, [1972-1973 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 93,525 (S.D.N.Y. 1972), "[e]xperienced and competent counsel have assessed these problems and the probability of success on the merits.  They have concluded that compromise is well advised and necessary. The parties' decision regarding the respective merits of their positions has an important bearing on this case." Id. at 92,520.

Here, experienced counsels for Plaintiff and Defendants, after substantial adversarial negotiations and two days of mediation, have concluded that the proposed settlement – which includes substantial monetary benefits to the class members, and collective action members – is in the best interests of their respective clients and the

18

Settlement Class as a whole. The settlement merits preliminary approval and submission to the Settlement Class for its consideration.

Moreover, the FLSA was enacted to protect workers from the poor wages and oppressive working hours that can result from the unequal bargaining power between employers and employees. *See Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 739 (1981); *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260 (M.D. Ala. 2003). When an employee brings a private action against an employer for back wages under 29 U.S.C. § 216(b), the parties must present any proposed settlement to the district court for approval. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982). If, after scrutinizing the proposed settlement, the district court concludes that the settlement is a "fair and reasonable resolution of a <u>bona</u> <u>fide</u> dispute over FLSA provisions," it may enter a stipulated judgment. *Id*. at 1355; *Stalnaker*, 293 F. Supp. 2d at 1263.

Settlements of FLSA claims in the context of a suit brought by employees are permissible because initiation of the action "provides some assurance of an adversarial context." *Lynn's Food Stores*, 679 F.2d at 1354. In such instances, the employees are likely to be represented by an attorney who can protect their rights under the statute, and thus, "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." *Id*. If the settlement reflects a reasonable compromise over issues, "such as FLSA coverage or computation of back wages," that are actually in dispute, the district court can approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id*.

As discussed above, this Settlement, which includes settlement of FLSA claims, is fair and reasonable and should be preliminarily approved by the Court.

19

1.     **There Are No Grounds To Doubt The Fairness Of The Settlement, Which Is The Product Of Extensive, Arm's-Length Negotiations.**

The criteria of evaluating a request for preliminary approval have been summarized thus:

> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class, or excessive compensation for attorneys, and appears to fall within the range of possible approval, the court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the settlement.

*In re Prudential*, 163 F.R.D at 209 (quoting *Manual for Complex Litigation, Third* § 30.41). Under these criteria, the Court should grant preliminary approval of the proposed settlement and order the dissemination of notice.

The first consideration in the preliminary-approval analysis is whether "the settlement is the result of serious, informed and non-collusive negotiations." *In re Medical X-Ray Film Antitrust Litig.,* Master File No CV 93-5904 (CPS), 1997 U.S. Dist. LEXIS 21936, at *19 (E.D.N.Y. Dec. 10, 1997). In applying this factor, courts give substantial weight to the experience of the attorneys who prosecuted the case and negotiated the settlement. *See Reed*, 703 F. 2d at 175; *In re Automotive Refinishing Paint Antitrust Litig.,* MDL No. 1426, 2003 U.S. Dist. LEXIS 4681, at *3 (E.D. Pa. Mar. 17, 2003) (granting preliminary settlement approval) ("[I]t is appropriate to give deference to the recommendations of experienced attorneys who have engaged in arms-length settlement negotiations."); *McNamara v. Bre-X Minerals Ltd.,* 214 F.R.D. 424, 430-31 (E.D. Tex. 2002) ("Counsel on all sides have proved to the Court their knowledge of the facts and law relevant to this case. Settlement was reached by knowledgeable counsel,

and it was arrived at after much negotiation….”). Indeed, when a settlement is negotiated at arm’s length by experienced counsel, there is a presumption that it is fair and reasonable. *See In re Inter-Op Hip Prosthesis Liab. Litig.,* 204 F.R.D. 359, 380 (N.D. Ohio 2001) (granting preliminary settlement approval) (“[W]hen a settlement is the result of extensive negotiations by experienced counsel, the Court should presume it is fair.”); *In re Shell Oil Refinery,* 155 F.R.D. 552, 556 (E.D. La. 1993) (citing evidence of counsel demonstrating “their conviction that the settlement amount was well within the range of possible approval and was the result of arms length, non-collusive bargaining”).

The proposed settlement here is the product of extensive, arm’s-length negotiations conducted in-person, by telephone, and through a mediator, which negotiations followed Defendants’ production of significant amounts of information and records and deposition testimony .  Based on their familiarity with the factual and legal issues, the parties were able to negotiate a fair settlement, taking into account the costs and risks of continued litigation. The negotiations were at all times hard-fought and at arm’s length, and produced a result that the settling parties believe to be in their respective best interests.

### 2.    The Settlement Contains No Obvious Deficiencies.

The proposed settlement has no obvious deficiencies.  The settlement provides a representative plaintiff bonus (upon approval of the settlement by the Court) to Plaintiff Beldar Gani in the amount of $5,000 because of his participation in this matter as lead plaintiff.  This bonus is reasonable in light of the overall benefit conferred on the Settlement Class. *See, e.g., Spann v. AOL Time Warner, Inc.*, 02 Civ. 8238, 2005 U.S. Dist. LEXIS 10848, at *27 (S.D.N.Y. June 7, 2005) (granting incentive award of $10,000 per plaintiff on class action settlement).

Finally, the settlement does not mandate excessive compensation for Plaintiff's Counsels.  Plaintiff's Counsels seek an award of One Hundred and Ten Thousand Dollars and No Cents ($110,000.00) for fees, and Seven Thousand, Two Hundred and Twelve Dollars and No Cents ($7,212.00) for costs and expenses, which will be paid to Plaintiff's Counsels if the Court approves the fairness of the settlement agreement and fee agreement.  Plaintiff's Counsels will not make any further application to the Court for any additional fees, costs and/or expenses.

### 3.    The Settlement Falls Within The Range Of Possible Approval.

As explained above, the proposed Settlement was reached only after protracted arm's-length negotiations between the parties and Plaintiff's and Defendants' Counsels, who considered the advantages and disadvantages of continued litigation. Plaintiff's Counsels believe this settlement achieves all of the objectives of the litigation, namely a monetary settlement to Class Members, and Collective Action Members, currently or formerly employed by Defendants to compensate them for Defendants' alleged failure to pay them overtime wages. Plaintiff's Counsels, with a great deal of experience in the prosecution and resolution of class actions and collective action litigation, have carefully evaluated the merits of this case and the proposed settlement. Even if the matter were to proceed to trial, Plaintiff's Counsels acknowledge, based on past, real-world experience, that the apparent strength of a Plaintiff's case is no guarantee against a defense verdict. Furthermore, even if a judgment were obtained against Defendants at trial, the relief might be no greater, and indeed might be less, than that provided by the proposed Settlement.

In light of the above considerations, the proposed settlement as a whole falls within the range of possible final approval. The Court should therefore grant

preliminary approval of the settlement and direct that notice of it be given to the Settlement Class.

## V.      **THE PROPOSED PLAN OF CLASS NOTICE.**

Rule 23 (c)(2)(B) provides, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see also Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175-76 (1974).  Rule 23(e)(B) similarly says, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Fed. R. Civ. P. 23(e)(B). The standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness.  *Wal-Mart Stores*, 396 F.3d at 113 (citing *Soberal-Perez v. Heckler*, 717 F.2d 36, 43 (2d Cir. 1983); Fed. R. Civ. P. 23(e)). "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" Id. at 114 (quoting *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982)).  Notice is "adequate if it may be understood by the average class member." 4 Alba Conte & Herbert Newberg, *Newberg on Class Actions* § 11:53, at 167 (4th ed. 2002).

Here, the parties propose a direct mail campaign, designed to reach as many Settlement Class Members as possible, based upon information about employees maintained by the Defendants.  The proposed methods of notice comport with Rule 23,

Section 216 of the Fair Labor Standards Act and the requirements of due process.  As for the content of the notice, Rule 23(c)(2)(B) provides:

> The notice [to a Rule 23(b)(3) class] must concisely and clearly state in plain, easily understood language:

- the nature of the action.

- the definition of the class certified.

- the class claims, issues, or defenses,

- that a class member may enter an appearance through counsels if the member so desires,

- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and

- the binding effect of a class judgment on class members under Rule 23(c)(3)

Where notice is being sent in connection with a proposed settlement, "the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Wal-Mart,* 396 F.3d at 114 (quoting *Weinberger*, 698 F.2d at 70).

The proposed notices of this class and collective action settlement attached to the Settlement Agreement as Exhibits A-C ("the Notice") comport with the above-cited legal authorities in all respects.  To that end, the proposed Notice: (1) describes the nature, history, and status of the litigation; (2) sets forth a clear definition of the proposed Settlement Class; (3) states the class claims and issues; (4) clearly provides that Settlement Class Members may enter an appearance through their own counsel; (5) discloses the right of the people who fall within the definition of the Settlement Class to exclude themselves from the Settlement, and specifies the deadline and procedure for

24

doing so; and (6) warns of the binding effect of the settlement approval proceedings on those persons who remain in the Settlement Class.  In addition, the Notice clearly describes the terms of settlement, and the relief available to Settlement Class Members.

The Notice also provides clear notice that Plaintiff's Counsels seek compensation in the form of a payment for fees, costs and expenses.

Finally, the Notice also provides contact information for Class Counsels; summarizes the reasons the parties are proposing the settlement; discloses the date, time and place of the formal Fairness Hearing; and describes the procedures for commenting on the settlement and appearing at the Fairness Hearing.  The Notice contents therefore satisfy all applicable requirements.  Therefore, in granting preliminary settlement approval, the Court should also approve the parties' proposed form and method of giving notice to the Settlement Class.

## VI.   <u>CONCLUSION.</u>

For the foregoing reasons, Plaintiff respectfully asks that the Court to grant preliminary approval of the proposed settlement and enter the proposed Preliminary Order in connection with Settlement Proceedings, submitted herewith.

DATED: March 22, 2012

Respectfully submitted,

s/William C. Rand

_____
William Coudert Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
Attorney for Plaintiff, Individually,
and on Behalf of All Other Persons Similarly
Situated
228 East 45th Street, 17th Floor
New York, New York 10017
Tel: (212) 286-1425
wcrand@wcrand.com

Co-counsel
Jeffrey M. Gottlieb, Esq. (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795
Attorneys for Plaintiff


s/Ellen August

_____

Ellen August, Esq.
GOETZ FITZPATRICK LLP
One Penn Plaza, Suite 4401
New York, N.Y. 10119
Tel: (212) 695-8100; Fax: 212.629.4013
eaugust@goetzfitz.com
Attorney for Defendants